## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CYNTHIA EDWARDS**                    **CIVIL ACTION**

**VERSUS**                             **NO: 25-2179**

**MICHELLE ROGOW ET AL.**              **SECTION "H"**


## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss, or in the Alternative, Quash Insufficient Service (Doc. 13). For the following reasons, the Motion is **GRANTED IN PART**.


## BACKGROUND

Plaintiff Cynthia Edwards was present when a companion, Gail Kelley, allegedly sustained physical injuries in a fall at a vacation rental property. Kelley subsequently brought a claim for personal injuries in state court against the home's owner, Defendant Michelle Rogow. Rogow is represented by Defendants Andrew Decoste, Derek Graves, and Carleton Ketcham II in that litigation. In the course of that litigation, oral communications and video recordings intercepted of Kelley and Edwards while they stayed at the home were filed into the public record. This matter arises out of that disclosure. On October 22, 2025, Edwards brought claims in this Court under the Louisiana Electronic Surveillance Act, the Federal Electronic Communications Privacy

1

Act, and Louisiana Revised Statutes § 21:61 against Rogow, Decoste, Graves, and Ketcham.

Now before the Court is Defendants' Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), or in the alternative, to quash insufficient service. Plaintiff opposes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for "insufficient service of process."[1] A Rule 12(b)(5) challenge contests the manner in which process was served.[2] "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."[3] In ruling on a Rule 12(b)(5) motion, district courts enjoy broad discretion.[4]

## LAW AND ANALYSIS

Defendants allege that Plaintiff has failed to effect proper service on any Defendant. Rule 4(e) provides that service may be effected on an individual defendant by (1) following the procedural methods of service provided by the state in which the district court is located, (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each

---

[1] FED. R. CIV. P. 12(b)(5).
[2] *Id.*
[3] Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).
[4] Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016).

to an agent authorized by appointment or by law to receive service of process." This Court will consider Plaintiff's service on each of the Defendants.

### A. Service on Defendant Rogow

As to Defendant Rogow, Defendants allege that to the extent Plaintiff attempted service on Rogow through her attorneys, they are not registered agents for Rogow and therefore service on her was insufficient.

In response, Plaintiff represents that although she believes that Rogow was served on October 28, 2025, she has been unable to obtain proof of service from the process server.  Rule 4 is explicit that proof of service "*must* be by the server's affidavit."[5] Accordingly, Plaintiff has not carried her burden to show that proper service was made on Rogow on October 28, 2025.

Subsequent to the briefing filed in response to this Motion, however, Plaintiff filed an additional proof of service regarding Rogow.[6] Therein, the process server affidavit indicates that summons was left at Rogow's residence with a person of suitable age and discretion who resides there on January 18, 2026. Defendants have not presented any argument as to why this service is insufficient. Accordingly, the Court finds that Rogow was properly served on January 18, 2026.

### B. Service on Defendants Decoste, Graves, and Ketcham

On October 28, 2025, Plaintiff attempted service on Decoste, Graves, and Ketcham by delivering the Summons and Complaint to a receptionist, Jill Ritzmann, at the New Orleans location of their law office. Defendants state, and Plaintiff has not shown otherwise, that Ms. Ritzmann is not authorized to

---

[5] FED. R. CIV. P. 4(l) (emphasis added).
[6] Doc. 17.

receive service on their behalf. Service on Decoste, Graves, and Ketcham was therefore made at their office on an individual who was not authorized to receive service of process on their behalf. Accordingly, Plaintiff has not complied with any of the options for service delineated by Rule 4(e) in serving these Defendants. Plaintiff does not present evidence that any additional efforts to serve the original complaint were made. Accordingly, service on Defendants Decoste, Graves, and Ketcham was insufficient.

In opposition to this Motion, Plaintiff argues that Defendants admitted to proper service in their Motion for Extension of Time to Answer in which they stated that they were served with the Complaint on October 28, 2025. She contends that this statement is a binding judicial admission. But Defendants did not admit that service was proper, and they did not waive their objections to service. Objections to service of process are waived only if not "raised in the answer or by motion before the filing of a responsive pleading."[7] Further, "[i]n the absence of valid service of process, proceedings against a party are void."[8] Accordingly, this argument fails to establish proper service.

Because Plaintiff's attempts at service on Defendants Decoste, Graves, and Ketcham were insufficient, her claims against those Defendants are subject to dismissal. Rule 4(m) of the Federal Rules provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the

---

[7] Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1298 (5th Cir. 1985).

[8] Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981).

court must extend the time for service for an
appropriate period.[9]

"To establish good cause, a litigant must demonstrate at least as much as
would be required to show excusable neglect, as to which simple inadvertence
or mistake of counsel or ignorance of the rules usually does not suffice."[10] Even
in the absence of good cause, however, the Court has discretion to extend the
time for service.[11]

Plaintiff has not shown that Defendants Decoste, Graves, and Ketcham
were properly served within the 90-day period provided by Rule 4(m). Further,
Plaintiff has not set forth any basis for this Court to find good cause for her
failure to properly serve Defendants. Indeed, it appears that her failure was a
result of ignorance of the law. That said, where, as here, "there is a 'reasonable
prospect that plaintiff ultimately will be able to serve defendant properly,' the
proper course of action is to quash service and allow the plaintiff another
opportunity to effectuate service, as opposed to dismissing the case."[12]
Accordingly, this Court will exercise its discretion to extend the time for
service.

---

[9] FED. R. CIV. P. 4(m).

[10] Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)
(internal quotation omitted).

[11] Yarbrough v. Swift, Civil Action No. 18-10093, 2019 WL 2027173, at *5 (E.D. La.
May 8, 2019).

[12] Williams v. Zordan, No. CV 21-1061, 2023 WL 6451111, at *7 (W.D. La. Sept. 29,
2023) (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1354
(3d ed.)).

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion is **GRANTED IN PART**, and Plaintiff shall have 30 days from this Order to properly effect service on Defendants Decoste, Graves, and Ketcham.

New Orleans, Louisiana this 3nd day of February, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6