UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CYNTHIA EDWARDS                                  CIVIL ACTION

VERSUS                                           NO: 25-2179

MICHELLE ROGOW ET AL.                            SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant Michelle Rogow's Motion to Dismiss, or in the Alternative, Quash Insufficient Service (Doc. 19).  For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Cynthia Edwards was present when a companion, Gail Kelley, allegedly sustained physical injuries in a fall at a vacation rental property. Kelley subsequently brought a claim for personal injuries in state court against the home's owner, Defendant Michelle Rogow. In the course of that litigation, oral communications and video recordings of Kelley and Edwards intercepted while they stayed at the home were filed into the public record. This matter arises out of that disclosure. On October 22, 2025, Edwards brought claims in this Court under the Louisiana Electronic Surveillance Act, the Federal Electronic Communications Privacy Act, and Louisiana Revised Statutes § 21:61 against Rogow and others.

1

Now before the Court is Defendant Rogow's Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), or in the alternative, to quash insufficient service. Plaintiff opposes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for "insufficient service of process."[1] A Rule 12(b)(5) challenge contests the manner in which process was served.[2] "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."[3] That said, "if the plaintiff meets the burden of showing proper service," such as a signed return of service, "the burden shifts to the defendant to present strong and convincing proof of insufficient service."[4] In ruling on a Rule 12(b)(5) motion, district courts enjoy broad discretion.[5]

## LAW AND ANALYSIS

Defendant Rogow alleges that Plaintiff has failed to effect proper service on her. Federal Rule of Civil Procedure Rule 4(e) provides that service may be effected on an individual defendant by (1) following the procedural methods of service provided by the state in which the district court is located, (2) "delivering a copy of the summons and of the complaint to the individual

---

[1] FED. R. CIV. P. 12(b)(5).

[2] *Id.*

[3] Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).

[4] Windecker v. Hang Wei, No. 1:18-CV-00898-LY, 2020 WL 248689, at *1 (W.D. Tex. Jan. 16, 2020), *report and recommendation adopted*, No. 1:18-CV-898-LY, 2020 WL 10058228 (W.D. Tex. Jan. 31, 2020) (citing People's United Equip. Fin. Corp. v. Hartmann, 447 F. App'x 522, 524 (5th Cir. 2011)).

[5] Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016).

2

personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Plaintiff attempted service by the third method.

A return of service was filed into the record in this action indicating that summons for Defendant Rogow was left at her residence, listed as 3131–3133 Royal Street, on January 18, 2026 with Athina Morris, a person of suitable age and discretion who resides there. Defendant argues that this service was improper because Athina Morris is her neighbor who resides at 3133 Royal Street, and Defendant resides at 3131 Royal Street. Accordingly, the Court is tasked with determining which address is Defendant's "dwelling or usual place of abode."[6] "The cases discussing whether a place may be classified as a dwelling house or usual place of abode are highly fact-specific."[7]

Here, Defendant presents the following facts in support of her argument that service was improper. It is undisputed that 3131 and 3133 Royal Street are a duplex owned by Defendant Rogow. Defendant Rogow testified in November 2023 in connection with the related state court lawsuit that she lives at 3131 Royal Street and that 3133 Royal Street is leased to a long-term tenant. Defendant also presents an affidavit from Atina Morris in which she attests that she resides at 3133 Royal Street and is a tenant of Defendant Rogow. She

---

[6] FED. R. CIV. P. 4(e)(2)(B).

[7] Kudu Co., Ltd v. Latimer, No. 4:10CV680, 2011 WL 938349, at *4 (E.D. Tex. Feb. 22, 2011), *report and recommendation adopted sub nom.* Kudu Co. v. Latimer, No. 4:10CV680, 2011 WL 933717 (E.D. Tex. Mar. 16, 2011).

attests that Rogow has never lived or resided at 3133 Royal Street with her. In response, Plaintiff presents only the fact that Defendant claimed 3133 Royal Street as her homestead exemption for the years of 2024, 2025, and 2026. However, even the proof that Plaintiff provides on this point from the Orleans Parish assessor lists Defendant Rogow as "owner" of 3133 Royal Street and lists her address as 3131 Royal Street. Accordingly, the evidence weighs heavily in favor of a finding that Defendant Rogow's residence is 3131 Royal Street. Defendant has carried her burden to provide strong and convincing proof that service was improper on her neighbor Atina Morris at 3133 Royal Street. Plaintiff has therefore not complied with any of the options for service delineated by Rule 4(e) in serving Defendant.

Because Plaintiff's attempt at service was insufficient, her claims against Defendant Rogow are subject to dismissal. Rule 4(m) of the Federal Rules provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[8]

"To establish good cause, a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[9] Even

---

[8] FED. R. CIV. P. 4(m).

[9] Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (internal quotation omitted).

in the absence of good cause, however, the Court has discretion to extend the time for service.[10]

Plaintiff has not shown that Defendant Rogow was properly served within the 90-day period provided by Rule 4(m). Plaintiff's failure to do so, however, seems to have resulted from a good faith confusion about Plaintiff's address. Where, as here, "there is a 'reasonable prospect that plaintiff ultimately will be able to serve defendant properly,' the proper course of action is to quash service and allow the plaintiff another opportunity to effectuate service, as opposed to dismissing the case."[11] Accordingly, this Court will exercise its discretion to extend the time for service.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff shall have 30 days from this Order to properly effect service on Defendant Rogow.

New Orleans, Louisiana this 24th day of March, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] Yarbrough v. Swift, No. 18-10093, 2019 WL 2027173, at *5 (E.D. La. May 8, 2019).

[11] Williams v. Zordan, No. CV 21-1061, 2023 WL 6451111, at *7 (W.D. La. Sept. 29, 2023) (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1354 (3d ed.)).