**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CYNTHIA EDWARDS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-2179** |
| **MICHELLE ROGOW ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Defendants Andrew DeCoste and Derek Graves's Motion to Dismiss (Doc. 32). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Cynthia Edwards was present when a companion, Gail Kelley, allegedly sustained physical injuries in a fall at a vacation rental property. Kelley subsequently brought a claim for personal injuries in state court against the home's owner, Defendant Michelle Rogow. In the course of that litigation, oral communications and video recordings of Kelley and Edwards intercepted while they stayed at the home were filed into the public record. This matter arises out of that disclosure.

Edwards brings claims in this Court under the Louisiana Electronic Surveillance Act and the Federal Electronic Communications Privacy Act against Rogow, Decoste, Graves, and Ketcham. She also brings a claim for violation of Louisiana Revised Statutes § 21:61 against Rogow. Defendants

DeCoste and Graves have moved for dismissal of all claims against them, arguing that Plaintiff has not stated a claim upon which relief can be granted.[1] Plaintiff opposes.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

---

[1] Defendants Rogow and Ketcham have not yet been properly joined.

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Id.*

[7] *Lormand*, 565 F.3d at 255–57.

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Plaintiff brings claims against Defendants for violations of the Louisiana Electronic Surveillance Act ("LESA"), the Federal Electronic Communications Privacy Act ("ECPA"), and Louisiana Revised Statutes § 21:61, which governs the use of cameras in short-term rentals. Defendants move for dismissal of all three claims. The Court will consider each in turn.

**A. LESA**

Plaintiff alleges that Defendants have violated LESA by intercepting and publishing a recording of her oral communications. LESA prohibits the willful interception, disclosure, or use of any wire, electronic, or oral communication.[9] The parties agree that the use and disclosure provisions of LESA apply only to communications that were intercepted in violation of the statute. For the interception of an oral communication to constitute an offense under LESA, there must be a "willful interception" and the person making the oral communication must have exhibited a subjective expectation of privacy that was justified under the circumstances.[10] Defendants argue that Plaintiff cannot succeed on her claims under LESA because (1) she cannot show that the recordings of her were willfully intercepted, and (2) she did not have a reasonable expectation of privacy in the backyard of the rental property. The Court will consider each argument in turn.

*a. Willfulness*

Defendants argue that Plaintiff has not alleged that Rogow's interception of Plaintiff's oral communications was willful where the

---

[9] LA. REV. STAT. § 15:1303.

[10] State v. Smith, 848 So. 2d 650, 654 (La. App. 4 Cir. 2003).

Complaint alleges that the cameras installed at the rental property only recorded when triggered by motion. Defendants argue that this sort of automatic, passive interception cannot be considered willful under LESA. Plaintiff, on the other hand, points out that her Complaint also alleges that Rogow installed five ring cameras on her property and actively chose not to disable her cameras despite renting her home out to third parties.

"Willfulness is a question of fact which necessarily raises questions of the Defendant's state of mind, knowledge, intent, and belief regarding the propriety of its actions."[11] Accordingly, resolution of whether Rogow acted willfully is inappropriate at the motion to dismiss stage. The Court finds that Plaintiff has pleaded sufficient facts to survive a motion to dismiss on this issue and that further discovery is necessary to determine whether Rogow had the necessary mental state for Plaintiff to succeed on this claim.

b. *Expectation of Privacy*

Defendants next argue that the oral communication that was intercepted by Rogow's cameras was made in a shared, outdoor courtyard that abuts to neighboring properties, and Plaintiff therefore did not have a reasonable expectation of privacy. Plaintiff opposes, arguing that she had a reasonable expectation of privacy because she did not see any cameras, the rental listing did not disclose the use of cameras in violation of the rental website's policy,

[11] Tarango v. Johnson & Johnson Med., Inc., 949 F. Supp. 1285, 1289 (W.D. Tex. 1996); Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ., 579 F.3d 546, 552 (5th Cir. 2009).

and the area where the cameras were used was enclosed by a fence and rented for Plaintiff's exclusive use during her stay.

Here again, the Court finds that resolution of this issue is inappropriate at the motion to dismiss stage. Whether Plaintiff had a reasonable expectation of privacy is an issue of fact, and Defendants ask the Court to consider facts not pleaded in the Complaint, such as that the interception occurred in a shared courtyard abutting neighboring properties.[12] Further, this Court does not know facts—such as the volume at which Plaintiff was speaking—that would bear on this determination.[13] Accordingly, the Court finds that Plaintiff has pleaded sufficient facts to state a claim under LESA.

**B. ECPA**

Similarly, the ECPA creates civil liability for any person who intentionally intercepts, uses, or discloses "any wire, oral, or electronic communication."[14] Here again, the parties agree that there can be no violation of the ECPA's use and disclosure provisions absent a predicate interception violation. Defendants argue that Plaintiff cannot succeed on this claim because

[12] On a motion to dismiss, the court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Collins*, 224 F.3d at 498. Accordingly, the Court does not consider the deposition transcript of Rogow attached to Defendants' Motions.

[13] "Even where a person was where that person might ordinarily have an expectation of privacy, such expectation is not warranted when the person speaks too loudly." State v. Smith, 848 So. 2d 650, 654 (La. App. 4 Cir. 2003).

[14] 18 U.S.C. § 2511.

the interception of her oral communication by Rogow's passive, motion-activated cameras was not intentional.

In 1986, Congress amended the state of mind requirement under § 2511 of the ECPA from "willfully" to "intentionally."[15] "Congress made clear that the purpose of the amendment was to underscore that inadvertent interceptions are not a basis for criminal or civil liability under the ECPA."[16] The legislative history provides that:

> As used in the Electronic Communications Privacy Act, the term 'intentional' is narrower than the dictionary definition of 'intentional.' 'Intentional' means more than that one voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's conscious objective. An 'intentional' state of mind means that one's state of mind is intentional as to one's conduct or the result of one's conduct if such conduct or result is one's conscious objective. The intentional state of mind is applicable only to conduct and results. Since one has no control over the existence of circumstances, one cannot 'intend' them.[17]

Accordingly, the Court must determine Rogow's state of mind in intercepting the oral communication at issue in order to determine whether she acted intentionally. A subjective inquiry into a defendant's state of mind is difficult to resolve on a motion to dismiss.[18] Just as with the willfulness determination under the LESA, this Court finds this question inappropriate for

[15] PL 99–508 (HR 4952), PL 99–508, October 21, 1986, 100 Stat 1848.

[16] In re Pharmatrak, Inc., 329 F.3d 9, 23 (1st Cir. 2003).

[17] S. REP. 99-541, 23, 1986 U.S.C.C.A.N. 3555, 3577.

[18] Matthews v. Shoemaker, No. CV 07-3813, 2008 WL 11515643, at *5 (E.D. La. Jan. 4, 2008).

determination at this stage and further discovery is necessary to determine Rogow's state of mind.

**C. Louisiana Revised Statutes § 21:61**

Finally, Defendants argue that Plaintiff cannot succeed on her claim for violations of Louisiana Revised Statutes § 21:61, which governs the use of cameras in short-term rentals. However, the Complaint is clear that Plaintiff asserts this claim against Rogow only, and not Movants Decoste and Graves. Accordingly, this Court declines to address arguments for dismissal of this claim where Rogow is not yet joined.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 17th day of September, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**